IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00550-BO

| | |
|---|---|
| CHARLES RAY FINCH,<br><br>Plaintiff,<br><br>v.<br><br>SHERIFF CALVIN L. WOODARD, JR., in his official capacity; TONY MCCOY OWENS, in his individual capacity; JAMES TANT, in his individual capacity; Special Agent ALAN H. MCMAHAN, in his individual capacity; and JOHN H. WATTERS, in his individual capacity,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

Plaintiff and defendants, by and through their undersigned counsel, and the North Carolina State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, requests and stipulate to the entry of this consent order allowing release of SBI Case Nos., 66-M-2-1, 106-S-8-1, and any others identified as responsive to Plaintiff's request for discovery from the SBI, to counsel for the Plaintiff(s) and Defendant(s), pursuant to N.C. Gen. Stat. § 132-1.4.

Counsel for the Plaintiff(s) and Defendants, and counsel for the SBI further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1. Plaintiff sought discovery from the North Carolina State Bureau of Investigation to assist in their prosecution of the lawsuit filed by the Plaintiff.

2. The SBI Case file material may be deemed relevant to the subject matter involved in the case before this court.

3. Except as may be otherwise provided by further order of the Court, documents

1

contained within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6 below.

4. Access to and the use of any documents, or any part thereof, designated as part of the SBI file shall be limited to:

   A. the Court;
   B. the parties and attorneys of record for the parties;
   C. court-appointed mediators;
   D. consultants and technical experts involved in the preparation of this action;
   E. court reporters, their transcribers, assistants, and employees;
   F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential documents in order to elicit testimony relevant to the matters at issue in this case; and
   G. the jury.

5. Counsel may make copies of the SBI file materials for Plaintiff or Defense experts upon receiving from said experts a written agreement in substantially the form as Exhibit A hereto, that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

6.  Individuals who are permitted access to the SBI materials pursuant to Paragraph 4 are hereby ordered not to show, convey, or reproduce any documents so designated or parts thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

7.  Any document designated part of the SBI file and filed with the Court, and any brief referring to such document shall be filed under seal and shall be made available only to Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying:

(a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested;

(b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access;

(c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access;

(d) the reasons why alternatives to sealing are inadequate; and,

(e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Said party shall also serve a copy of said motion upon legal counsel for the SBI.

8.  At the conclusion of this litigation, each document produced by the SBI and subject

3

Case 5:19-cv-00550-BO   Document 88   Filed 10/18/21   Page 3 of 6

to this Protective Order shall be destroyed or returned to Counsel for the SBI for destruction.

IT IS THEREFORE adjudged and decreed that the undersigned counsel for the State Bureau of Investigation produce a copy of SBI File #66-M-2-1, 106-S-8, and any others identified as responsive to Plaintiff's request for discovery from the SBI to the parties of record listed below.

SO ORDERED, this the __18__ day of __October__, 2021.

_____
Terrence Boyle
United States District Judge

**AGREED TO BY:**


 /s/ Phillip Lewis
David S. Rudolf
N.C. State Bar No.: 8587
Phillip Lewis
N.C. State Bar No.: 27944
Sonya Pfeiffer
N.C. State Bar No.: 37300
RUDOLF WIDENHOUSE
225 East Worthington Avenue
Suite 100
Charlotte, NC 28203
Telephone: (704) 333-9945
Email: dsrudolf@rudolfwidenhouse.com
Email: spfeiffer@rudolfwidenhouse.com
Email: plewis@rudolfwidenhouse.com
*Attorneys for Plaintiffs*

/s/ Alan D. McInnes
Alan D. McInnes
N.C. State Bar No.: 20938
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, North Carolina 27699-9001
Email: amcinnes@ncdoj.gov
*Attorney for North Carolina State Bureau of Investigation*

Josh S. Wood
Weinberg Wheeler Hudgins Gunn & Dial
3344 Peachtree Road NE
Suite 2400
Atlanta, GA 30326
D: 404.832.9554
F: 404.875.9433
EmailJWood@wwhgd.com
*Attorney for Defendants McMahan and Watters*

/s/ Alex R. Williams
Alex R. Williams (
N. C. State Bar No.: 41679
awilliams@ncdoj.gov
Bryan Nichols
N.C. State Bar No.: 42008
Assistant Attorney General
N.C. Department of Justice
Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27699-9001
*Attorneys for Defendants McMahan and Watters*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:19-CV-00550-BO

| | |
|---|---|
| CHARLES RAY FINCH,<br><br>    Plaintiff,<br><br>v.<br><br>SHERIFF CALVIN L. WOODARD, JR., in his official capacity; TONY MCCOY OWENS, in his individual capacity; JAMES TANT, in his individual capacity; Special Agent ALAN H. MCMAHAN, in his individual capacity; and JOHN H. WATTERS, in his individual capacity,<br><br>    Defendants. | **EXHIBIT A: CONFIDENTIALITY AGREEMENT** |

    I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information regarding the North Carolina State Bureau of Investigation in the case of *Finch v. Woodward, et al.*, Case No. 5:19-cv-550, United States District Court for the Eastern District of North Carolina. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record no later than 60 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____
Signature         (Date)

_____
Printed Name

6