IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:19-CV-550-BO

MARK J. HALE, Collector for the Estate )
of Charles Ray Finch, )
        Plaintiff, )
)
v. )    O R D E R
)
WILSON COUNTY, *et al.*, )
        Defendants. )

This cause comes before the Court on a motion by non-parties Duke University and Professors James E. Coleman, Jr., Jamie T. Lau, and Theresa A. Newman (movants) for an award of attorney fees and expenses pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure associated with their responses, objections, and challenges to defendant John Watters's unduly burdensome subpoenas. Defendant Watters has filed a memorandum in opposition and the matter is ripe for ruling. For the reasons that follow, the motion is allowed.

DISCUSSION

The Court dispenses with a recitation of the factual and procedural background as the parties and movants are familiar with these proceedings. Rule 45 of the Federal Rules of Civil Procedure provides that

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

Fed. R. Civ. P. 45(d)(1). On December 16, 2021, defendant John Watters filed a motion to compel discovery responses from movants, specifically in response to subpoenas seeking the

production of the Innocence Project's files relating to Charles Ray Finch. By oral order entered following a hearing on the matter, the Court denied Watters's motion. The movants now seek attorney fees from Watters, arguing that Watters failed to take reasonable steps to avoid imposing undue burden or expense on movants. Watters served five subpoenas on movants seeking movants' entire file, which spanned eighteen years and contains work product and privileged communications. While the subpoenas also included twenty-four subtopics, the first request in each was for movants' entire file.

Watters contends that the record demonstrates that he did take reasonable steps to avoid imposing undue burden or expense, but the Court disagrees. Indeed, the emails attached to the briefing on this matter show that rather than subpoena documents related to two discrete topics identified by Watters, the subpoenas instead sought the contents of files spanning eighteen years.

In sum, the Court has considered the filings by the movants and Watters and is persuaded that Watters failed to take reasonable steps to avoid imposing undue burden on movants. At the outset of this case, plaintiff, Mr. Finch, produced close to 2500 pages of movants' files to the defense. *See* [DE 96-10]. Though Watters indicated a year later that he sought additional materials relating to two topics, he nonetheless issued to movants five subpoenas, each of which demanded production of the entire Finch file. Movants did produce to Watters a "handful of documents" [DE 117 p. 2] related to the two discrete topics, timely objected to the subpoenas, and subsequently filed an opposition to Watters's motion to compel.

Thus, the Court determines that an appropriate sanction is required pursuant to Rule 45(d)(1) and that an award of attorney fees is appropriate. As Watters has not objected to the reasonableness of the requested fee, and having considered the appropriate factors under

*Grissom v. The Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008), and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), the Court awards movants $15,000.00 in fees.

## CONCLUSION

Accordingly, and for the foregoing reasons, movants' motion for fee award [DE 116] is GRANTED. Attorney fees in the amount of $15,000.00 are award to movant Duke University as against defendant John Watters pursuant to Rule 45(d)(1) of the Federal Rules of Civil Procedure. Such fees shall be paid within a reasonable time, not to exceed thirty (30) days from the date of entry of this order.

SO ORDERED, this 2 day of September 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE